UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jeanette Dubanoski, | Civil No. 23-CV-3606 (NEB/DJF) |
| Plaintiff, | |
| v. | ORDER |
| Wells Fargo Bank, N.A., | |
| Defendant. | |

This matter is before the Court on the parties' Joint Motion Regarding Continued Sealing ("Sealing Motion") (ECF No. 50) filed in connection with Defendant's Motion for Summary Judgment (ECF No. 31). Defendant filed several exhibits related to the underlying motion under seal (ECF Nos. 35, 35-1, 38, 38-1, 41)[1] ("Defendant's Sealed Exhibits"). Defendant also filed statements indicating that redaction of Defendant's Sealed Exhibits was impractical. (ECF Nos. 36, 39, 42.) Plaintiff filed several exhibits related to the underlying motion under seal as well (ECF Nos. 46-1 to 46-7) ("Plaintiff's Sealed Exhibits"). Plaintiff also filed a statement redacting Plaintiff's Sealed Exhibits was impractical (ECF No. 47). Defendant's exhibit filed at ECF No. 35 and Plaintiff's exhibit filed at ECF No. 46-4 each refer to the same document ("Human Resources Report I"). Likewise, Defendant's exhibit filed at ECF No. 41 and Plaintiff's exhibit filed at ECF No. 46-1 also refer to the same document ("Human Resources Report II"). The parties agree that the documents filed at ECF Nos. 46-3, 46-5, 46-6, and 46-7 should be unsealed, but disagree whether sealing the remaining documents is appropriate. (ECF No. 50 at 2-5.)

---

[1] The Sealing Motion improperly cites the documents filed at ECF Nos. 35-1 and 38-1 as ECF Nos. 36 and 39, respectively. (ECF No. 50 at 2-3.) The Court uses the correct citation.

1

I.   **Legal Standard**

Parties may seal documents in a civil case "only as provided by statute or rule, or with leave of court." L.R. 5.6(a)(1). "There is a common-law right of access to judicial records." *IDT Corp. v. eBay*, 709 F.3d 1220, 1222–23 (8th Cir. 2013) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). But the right of access is not absolute. *Id.* at 1123. The Court "'must consider the degree to which [the relief requested] would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information.'" *Cajune v. Indep. Sch. Dist. 194*, 105 F.4th 1070, 1077 (8th Cir. 2024) (quoting *IDT Corp.*, 709 F.3d at 1223). "[T]he weight to be given to the presumption of [public] access must be governed by the role of the material at issue in the exercise of Article III judicial power and resultant value of such information to those monitoring the federal courts." *Id.* at 1224 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)).

When the documents at issue play a material role in the exercise of Article III power or are of value to those monitoring the federal courts, "the presumption of public access to judicial records may be overcome if the party seeking to keep the records under seal provides compelling reasons for doing so." *Flynt v. Lombardi*, 885 F.3d 508, 511 (8th Cir. 2018). On the other hand, when the documents at issue do not play a material role in the exercise of Article III power or are of little value to those monitoring the courts, the presumption of public access instead "amounts to … a prediction of public access absent a countervailing reason." *IDT Corp.*, 709 F.3d at 1224 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)).

II.   **Analysis**

Defendant's Motion for Summary Judgment (ECF No. 31) is not yet resolved, such that it

2

is unknown at this juncture whether the documents at issue will play a material role in the exercise of Article III judicial power.  That uncertainty is of no consequence, however, because the Court would reach the same determination, set forth below, under either the "compelling reason" standard, *Flynt*, 885 F.3d at 511, or the "countervailing reason" standard, *IDT Corp.*, 709 F.3d at 1224.

As a threshold matter, the parties agree that the documents filed at ECF Nos. 46-3, 46-5, 46-6, and 46-7 may be unsealed.  Based on the Court's review of these documents, and in light of the parties' agreement, the Court finds unsealing them is appropriate.  *Flynt*, 885 F.3d at 511.

Plaintiff argues that the remaining documents should also be unsealed in the interests of public access because "they do not contain any personal information about any person beyond simply their names." (ECF No. 50 at 2-5.)  Defendant argues the document filed at ECF No. 35-1, Human Resources Report I (ECF Nos. 35, 46-4), and Human Resources Report II (ECF Nos. 41, 46-1) should be sealed because they contain confidential personnel information regarding non-party employees and confidential business information.  (ECF No. 50 at 2-4.)  Defendant similarly argues that the document filed at ECF No. 46-2 should remain sealed because it "contains confidential personnel and disciplinary information regarding a non-party employee."  Finally, Defendant argues the documents filed at ECF Nos. 38 and 38-1 should remain sealed because they are "confidential email communication[s]" that contain "confidential personnel information regarding non-party employees and confidential business information." (ECF No. 50 at 3-4.)

Having reviewed the documents, the Court agrees with Defendant that sealing is appropriate.  Although Plaintiff argues the documents do not contain personal information about any person beyond just their names, the Court disagrees.  Each document relates to Defendant's internal complaint investigation process and contains detailed information on sensitive personnel

3

matters, including matters involving non-party employees. The Court finds Defendant and the non-parties' legitimate interests in maintaining confidentiality as to these documents constitute compelling reasons for sealing, and *a fortiori* adequate countervailing reasons, which outweigh any public interest in unsealing them.[2] *See, e.g.*, *A.I.G. Agency, Inc. v. Am. Int'l Grp., Inc.*, No. 4:17-cv-01502 (SEP), 2023 WL 6105187, at *2 (E.D. Mo. Sept. 18, 2023) ("The law does support granting properly supported motions to seal confidential business information[.]") (citations omitted); *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015) (allowing for the redaction of "sensitive personal information").

## ORDER

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that the parties' Joint Motion Regarding Continued Sealing (ECF No. 50) is **GRANTED** as follows:

1. The Clerk of Court is directed to keep the documents filed at ECF Nos. 35, 46-4, 35-1, 38, 38-1, 41, 46-1, and 46-2 under seal.

2. The Clerk of Court is directed to unseal the documents filed at ECF Nos. 46-3, 46-5, 46-6, and 46-7.

Dated: July 8, 2025    *s/ Dulce J. Foster*
DULCE J. FOSTER
United States Magistrate Judge

---

[2] Though the Court finds the documents should be kept under seal at this time, this ruling has no intended preclusive effect on how the District Judge might handle the documents and the information they contain in deciding dispositive motions or at trial.